■ RAYMOND A. KOSINSKI, Appellant, v WOODSIDE CONSTRUCTION CORPORATION et al., Respondents.—Appeal from an order and judgment of the Supreme Court in favor of defendants, entered September 7, 1978 in Fulton County, upon a decision of the court at a Trial Term, without a jury. On March 24, 1977, plaintiff entered into an agreement with defendant Laurence Ben-Shmuel to purchase a number of items of automotive supplies and equipment, including a 1960 Mack dump truck, and a Nashbord wrecker unit which was to be removed from a pickup truck owned by defendant corporation. All of the items purchased were delivered on March 24, 1977, with the exception of the wrecker unit and the registration for the dump truck. After the listing of all of the items, with the exception of the wrecker unit, the agreement provided as follows: "$11,980.44 check #128192, balance of payment $1,019.56 to be received upon delivery of Nashbord Wrecker Unit and Twin Sonic Lights and dolly wheels. Delivery of Nashbord Wrecker on or before 3/30/77 delivery price $1,019.56." All of the items listed in the agreement were owned by defendant Woodside Construction Corp., of which defendant Laurence Ben-Shmuel was treasurer. The wrecker unit was not ready for delivery in March. In early April, the president of defendant corporation telephoned plaintiff and told him to come and get the wrecker, saying that he could have it and the truck registration upon payment of the unpaid balance of the purchase price plus the sales tax due on the entire transaction. Plaintiff refused to pay the sales tax, claiming it was included in the purchase price, and that, in any event, the corporation could not collect the sales tax on the dump truck since it was not a licensed motor vehicle dealer. Defendant made two further demands for payment, receiving the same answer. Defendant thereafter sold its pickup truck, with the wrecker unit still attached, to another party. Plaintiff then brought this action seeking damages for breach of contract, claiming sub-

stantial business loss by reason of not having the wrecker unit for use in his business, and loss of use of the dump truck which he was unable to license for lack of the registration transfer form. The court determined that no proper tender of the purchase price of the wrecker was made by plaintiff, in that plaintiff did not go to the place of sale in Johnstown and tender the delivery price as provided in the contract, together with the sales tax which he was legally obligated to pay, and that defendants were justified in rescinding the divisible contract of sale, and disposing of the wrecker unit. The court also determined that loss of use of the dump truck was not the proper measure of damages, and that the proper measure of damages would be the reasonable cost of providing proof of ownership of the truck sufficient to comply with the licensing requirements, as to which no evidence had been offered. The complaint was, therefore, dismissed. Plaintiff contends that the testimony of the corporate president was hearsay and in violation of the parol evidence rule. This contention is without merit. The testimony of the corporate president concerned only the conversations between him and plaintiff. Further, the complaint alleges that the agreement was between the plaintiff and the individual and corporate defendants. Plaintiff's principal contention is that the demand for payment of the sales tax constituted an anticipatory repudiation of the sales contract. The basis of this contention is that the sales tax was included in the contract price, or that defendant could not legally collect the tax. This contention also has no merit. The regulations of the State Tax Commission provide that a person required to collect sales or use taxes may not hold out to any purchaser directly or indirectly that the tax will not be separately stated and charged to the customer (20 NYCRR 525.6). Defendants were also vendors within the meaning of the Tax Law (Tax Law, § 1101, subd [b], par [8], cl [i]), and were obligated to collect the sales taxes when collecting the price of the goods sold (Tax Law, § 1131, subd [1]; § 1132, subd [a]). Defendants were also personally liable for the tax required to be collected (Tax Law, § 1133, subd ·[a]). Plaintiff's contention that defendants were not licensed or registered vendors authorized to collect the sales taxes was ·not raised in the trial court, and may not be raised for the first time on appeal *(Mulligan v Lackey,* 33 AD2d 991). Defendants, therefore, were within their rights in withholding delivery of the registration, and of the wrecker unit, pending delivery of the balance due, together with the sales taxes. Plaintiff's contention that the contract was not divisible as to the wrecker unit is also without merit. A contract is divisible where a price is apportioned to different items *(Ming v Corbin,* 142 NY 334). Here, the writing clearly states that the delivery price of the wrecker unit was $1,019.56, and contemplated a separate delivery of that unit. The trial court properly determined that the contract was divisible, and, upon the failure of plaintiff to tender the payment therefor, after demand, defendants were at liberty to rescind that portion of the agreement. Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.