OPINION OF THE COURT
Joseph Jaspan, J.
The defendant is charged with grand larceny in the third degree, a class E felony (Penal Law, § 155.30) and issuing a bad check, a class B misdemeanor (Penal Law, § 190.05). The case was tried before the court without a jury on a stipulated statement of facts which left for resolution the impact of sales tax on value in determining whether the defendant is guilty of the felony, grand larceny in the third degree, as charged, or the lesser included offense of petit larceny, a class A misdemeanor (Penal Law, § 155.25).
To the defendant this is a significant difference since he is a predicate felon and conviction for grand larceny in the third degree mandates a minimum sentence of one and one-half to three years (Penal Law, § 70.06) whereas a misdemeanor conviction limits the maximum sentence to one year (Penal Law, § 70.15).
*543 On August 13, 1980 the defendant purchased a Sony T.V. from the owner of a retail store for the negotiated price of $245. In payment defendant issued his check in the amount of $262.15 reflecting the purchase price plus sales tax of $17.15. The check was drawn on an account which had been closed and without funds since May 10, 1978, a fact then, known to the defendant and the defendant left the store with the T.V. set and thereafter the owner was advised that the check had been dishonored when presented for payment.
The People have established beyond a reasonable doubt that the defendant committed a larceny by issuing a bad check in order to unlawfully take and withhold property, the T.V. set, with intent to deprive the owner of same and to appropriate it to himself.
Since grand larceny in the third degree requires proof of value in excess of $250, the issue is whether the Sony television stolen by the defendant on August 13, 1980 had a market value of $245, its pretax selling price, or whether the market value was $262.15, to wit, the selling price of the television plus some $17.15 of State and local sales taxes.
Did the imposition of the sales tax at the time of the purchase increase value of the T.V. set?
In relevant part section 155.20 of the Penal Law provides that “value means the market value of the property at the time and place of the crime”.
The court initially notes that the sales and use tax provisions of article 28 of the Tax Law with respect to the administration and collection of such taxes has been incorporated by reference in Resolution No. 745-1968 of the Board of Supervisors of the County of Suffolk imposing taxes on sales and uses of tangible personal property (eff March 1, 1969, amd with respect to the tax rate, Resolution No. 231-1972, eff Sept. 1, 1972).
Subdivision (a) of section 1132 of the Tax Law provides that “[e]very person required to collect the tax shall collect the tax from the customer when collecting the price, amusement charge or rent to which it applies. If the customer is given any sales slip, invoice, receipt or other statement or *544 memorandum of the price, amusement charge or rent paid or payable, the tax shall be stated, charged and shown separately on the first of such documents given to him. The tax shall be paid to the person required to collect it as trustee for and on account of the state.” (Emphasis added.)
This section clearly indicates that a vendor is required to collect the tax from each customer when collecting the price charged for each item of personal property which he then holds as trustee for and on account of the State (Matter of Ames Volkswagen v State Tax Comm., 58 AD2d 454, affd 47 NY2d 345, 350).
Subdivision (d) of section 1133 of the Tax Law provides that “[n]o person required to collect any tax imposed by this article shall advertise or hold out to the public in any manner, directly or indirectly, that the tax is not considered as an element in the price * * * payable by customers.” (Accord 20 NYCRR 525.6; see Kosinski v Woodside Constr. Corp., 77 AD2d 674. )
This section further indicates that the actual selling price of the goods and the sales tax to be collected thereon are separate and distinct items.
The rational conclusion is that while a sales tax may increase the cost of an object it does not increase the value thereof.
The fact that a sales or use tax is sometimes denoted as a value added tax does not change its significance. The storekeeper establishes value by the freely negotiated price and in addition collects a tax for the benefit of the State and locality.
The People acknowledge that if there had been a trespassory taking, value would be limited to $245 and I perceive no difference because the defendant used a more sophisticated method for committing the larceny.
I therefore find that the market value of the Sony television set to be the selling price prior to the imposition of the sales tax, to wit, $245.
The defendant is acquitted of the crime of grand larceny in the third degree, but is found guilty of the lesser included offense of petit larceny.
*545 Upon the facts submitted in this case it was impossible for the defendant to have committed the crime of larceny without concomitantly committing the crime of issuing a bad check (Penal Law, § 155.05, subd 2, par [a]). Accordingly, I find that this latter charge is a lesser included offense within the meaning of CPL 120 (subd 37). The second count of the indictment is therefore dismissed.