OPINION OF THE COURT
Alan J. Saks, J.
Defendant’s motion for summary judgment dismissing the complaint denied; plaintiff’s cross motion for an order permitting plaintiff to join the State Tax Commission as a party to this action granted.
This is an action to collect the balance due for fuel oil and services provided to defendants and for reimbursement for moneys paid to the State Tax Commission as sales tax for prior fuel oil and services.
The issue before the court is whether the sales tax on prior fuel oil purchases can be collected by the plaintiff at a later date. It is uncontroverted that plaintiff failed to charge the sales tax on its original delivery invoices and that it has not collected them to date. Defendant claims both waiver and estoppel based on plaintiff’s failure to include the tax on its delivery invoices. Defendant states (without attaching a copy of the sales contract) that the sales tax was intended to be included in the price and implies that it relied on the quoted price when it contracted to buy oil from Stuyvesant.
*945 According to plaintiff’s attorney’s affirmation, plaintiff only discovered its omission during an audit by the State Tax Commission. Plaintiff claims it then paid the tax directly to the State.
Subdivision (b) of section 1133 of the Tax Law provides that: “Where any customer has failed to pay a tax imposed by this article to the person required to collect the same, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the customer directly to the tax commission”.
Nothing in the language of this law suggests that the vendor’s failure to collect the tax at the time the bill is paid acts as a complete forgiveness of the tax. Defendant’s reliance upon subdivision (a) of section 1132 of the Tax Law is misplaced. That section merely imposes a duty upon the vendor to collect the tax “from the customer when collecting the price”.
The Court of Appeals has considered a sales tax statute with a similar provision. Concerning the duty of the customer to pay the taxing authority where he has failed to pay and the vendor has failed to charge or collect the tax, the Court of Appeals declared: “If the vendor does not collect from the purchaser, the city may proceed against either purchaser or vendor. If the vendor has paid, it may recoup from its purchaser.” (Matter of Fifth Ave. Bldg. Co. v Joseph, 297 NY 278, 284.)
Moreover, a contract of sale should not provide, either directly or indirectly, that the tax will be absorbed in the sales price and not be separately stated. (Kosinski v Woodside Constr. Corp., 77 AD2d 674; 51 NY Jur, Sales & Use Taxes, § 85.)
Defendant has failed to offer any evidence or set forth any law which would entitle it to dismissal of this claim. Additionally, plaintiff’s failure to include the State Tax Commission as a party is readily correctible; plaintiff is directed to add the State Tax Commission as a party before proceeding with this litigation.
The decision does not purport to decide what legal result should ensue if it is hereafter determined that the parties did in fact agree that the seller would bear the burden of *946 paying the sales taxes. It is not possible on the existing record for the court to conclude that there is no triable issue of fact that such an agreement was made.