659 P.2d 898

**Cody Ray TUNNELL, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 14664.**

Supreme Court of New Mexico.

Feb. 2, 1983.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondent.

Michael Dickman, Appellate Defender Lynne Corr, Asst. Appellate Defender, Santa Fe, for petitioner.

OPINION

FEDERICI, Justice.

The Court of Appeals was asked to decide on interlocutory appeal the issue of whether the New Mexico gross receipts tax may be properly included within the value of an item of property alleged to have been shoplifted. This is a question of first impression in New Mexico.

The Court of Appeals, 659 P.2d 902, held that whether the New Mexico gross receipts tax should be included in the market value of the item is a factual issue for the jury to determine under the evidence presented in each case. We granted certiorari and reverse the Court of Appeals and the trial court.

Defendant was arrested and charged with shoplifting merchandise having a val-

ue of more than $100, in violation of Section 30–16–20(B)(2), N.M.S.A. 1978. Prior to trial, defendant filed a motion to dismiss the charge of fourth degree shoplifting on the ground that, as a matter of law, he was not guilty of the alleged criminal offense because the item of property alleged to have been taken had a value of less than $100 if the gross receipts tax was not added to the advertised price of the merchandise. The State and defendant agreed to the following stipulated facts:

1. The marked price of the shoplifted item was $99.99, exclusive of sales tax.

2. With sales tax included, the price of the shoplifted item was $103.95.

3. Magistrate Judge Donald Price bound the defendant over on shoplifting, Fourth Degree, on the basis that market value includes sales tax.

Section 30–16–20(B)(1), N.M.S.A. 1978, provides that a person convicted of shoplifting merchandise having a value of not more than $100 is guilty of a petty misdemeanor. Section 30–16–20(B)(2) provides that shoplifting of property with a value of over $100, but not more than $2,500, constitutes a fourth degree felony.

Defendant contends that the market value of the merchandise cannot include the New Mexico gross receipts tax since shoplifting of property is not a taxable event. Defendant also contends that permitting the tax to be included in the value of the property runs counter to the established principle of law that criminal statutes should be strictly construed, and further, that since some counties and municipalities levy a gross receipts tax while others do not, the penalty imposed for shoplifting merchandise varies according to the locality where the offense occurred, constituting an intrusion upon the prerogative of the Legislature to set criminal penalties.

In view of the result we reach, it is only necessary for us to consider defendant's first contention, that the market value of merchandise cannot include the New Mexico gross receipts tax for the purposes of fixing criminal penalties under Section 30–16–20, N.M.S.A. 1978.

We agree with the Court of Appeals opinion to the extent that it holds: (1) that generally the market value of merchandise alleged to have been shoplifted is a question of fact; (2) that "value" means "market value"; (3) that under N.M.U.J.I.Crim. 16.-01, N.M.S.A. 1978 (Repl.Pamp.1982), "market value" means the price at which the property could ordinarily be bought and sold at the time of the alleged criminal act; (4) that the terms "market value" and "retail price" are identical; and (5) that the rules governing proof of value of property in civil cases are generally applicable in criminal prosecutions.

We disagree with the Court of Appeals' conclusion that it is for the jury to determine whether the gross receipts tax should be included in the market value of an item which has been shoplifted within the penalties provided under Section 30–16–20, N.M.S.A. 1978.

Shoplifting does not constitute a sale or a purchase for the purpose of the imposition of a tax under the Gross Receipts and Compensating Tax Act, Sections 7–9–1 through 7–9–81, N.M.S.A. 1978 (Repl.Pamp.1980 and Cum.Supp.1982).

The amount of gross receipts tax which could have been imposed on a regular sale of merchandise cannot be included for purposes of determining "value" of the shoplifted item under Section 30–16–20, unless the *total advertised retail or actual market price* of the merchandise which was shoplifted *included* the amount of New Mexico gross receipts tax applicable to that particular item of merchandise.

The Court of Appeals and the trial court are reversed and the cause is remanded to the trial court for the purposes of dismissing the fourth degree shoplifting count against defendant and for further proceedings consistent with this opinion.

The Clerk of the Supreme Court is directed to publish the Court of Appeals opinion, including the dissent by Judge Ramon Lopez.

IT IS SO ORDERED.

PAYNE, C.J., RIORDAN, J., and SOSA, Senior Justice, concur.