· No. 54,599

STATE OF KANSAS, *Appellee*, v. HAROLD JONES, *Appellant.*

(660 P.2d 948)

Opinion filed March 26, 1983.

*Dennis L. Phelps,* of Wichita, was on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Clark V. Owens,* district attorney, *Carl Wagner,* assistant district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Harold Jones, appeals following his conviction by a jury in Sedgwick District Court of aggravated burglary, K.S.A. 21-3716; two counts of rape, K.S.A. 21-3502; and one count of aggravated sodomy, K.S.A. 21-3506. He raises five issues, four dealing with the admission of evidence and one with jury instructions. Briefly stated, the evidence was that the defendant forced his way into an apartment occupied by two young women. At knifepoint, he raped each of them several times over a period of several hours, caused one of them to commit sodomy upon him, threatened their lives, subjected them to appalling indignities, and finally left, telling them that he was going to kill "Harold Jones," a homosexual who lived in apartment No. 208. The police were called, and went to apartment No. 208, where they found the defendant as the sole occupant. Both young women, separately, identified defendant as the criminal. A

search of apartment No. 208, pursuant to a search warrant, produced clothing matching that which defendant was said to have worn, and a knife matching the description of that used by the assailant. Also discovered in plain view was a green bathrobe tie, matching the robe of one of the victims; the robe tie was not listed on the warrant but was seized and was later offered and received in evidence. The defense was alibi.

Defendant contends that the admission into evidence of expert testimony of a police laboratory investigator was error because the witness did not have sufficient education or background to justify the opinion expressed. The qualifications of expert witnesses and the admissibility of expert testimony are matters which lie within the sound discretion of the trial court; its ruling thereon will not be disturbed on appeal unless the appellate court finds an abuse of discretion. *State v. Churchill,* 231 Kan. 408, 413, 646 P.2d 1049 (1982). We have reviewed the record, and find that the trial court did not abuse its discretion in admitting the testimony.

The trial court admitted exhibit No. 11, the rape kit performed on one of the young women, over defendant's objection; defendant contends that this was error because there was no showing that the kit had not been materially altered, and because the chain of custody was incomplete. Dr. Osio took the samples which comprised the rape kit; one officer testified that Dr. Osio turned the rape kit over to him and Officer Corriston; the latter testified that he placed the kit in the police lab; the lab examiner testified that exhibit No. 11, which he examined, was received from Officer Corriston. The chain of custody was substantially complete. The test for a proper chain of custody has been characterized as a "reasonable certainty" that no material alterations have occurred. The proof to be offered is that the object has not been improperly tampered with or altered. See *State v. Diaz & Altemay,* 232 Kan. 307, Syl. ¶ 6, 654 P.2d 425 (1982); and the extensive discussion in *State v. McGhee,* 226 Kan. 698, 702-03, 602 P.2d 1339 (1979). Here there was no hint or evidence of any kind that the samples had been "materially" or "improperly" altered in any way. We find no error.

Defendant argues that his cross-examination of one of the victims was unduly limited. The witness had been receiving psychiatric treatment, and counsel was permitted to inquire

about the nature of that treatment and about the type of medication she had been taking for a reasonable period of time prior to the occurrence. When counsel attempted to examine the witness as to much earlier treatment and medication, the trial court ruled that the information sought was not relevant to her ability to perceive events on the night of the crime. The scope of cross-examination is a matter within the sound discretion of the trial court and, absent a showing of clear abuse, the exercise of that discretion will not constitute prejudicial error. *State v. Carr,* 230 Kan. 322, 325-26, 634 P.2d 1104 (1981). There is no showing here that the trial court abused its discretion.

Defendant moved to suppress the green bathrobe tie, but the trial court overruled the objection and admitted it into evidence. Defendant now contends that the admission of that exhibit into evidence was error because the robe tie was not named in the warrant authorizing the search. The officer who conducted the search under the warrant testified that as he was searching the apartment he noticed the green cord in an open paper sack standing in the kitchen. He noted that the color and material matched one of the victims' bathrobes, which he had previously taken into custody, and he recalled that the robe did not have a tie cord.

In *State v. Galloway,* 232 Kan. 87, 652 P.2d 673 (1982), we stated the three requirements of *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971), as follows:

"[W]e conclude the plain view exception to the 4th Amendment . . . is applicable only where it is shown: 1) The initial intrusion which afforded the authorities the plain view was lawful by virtue of a warrant (search or arrest), waiver or exigent circumstances; 2) the discovery of the evidence was inadvertent; and 3) the authorities immediately had reasonable or probable cause to believe the evidence observed in plain view was incriminating in nature." 232 Kan. at 93-94.

Applying this test to the evidence before us, it is eminently clear that the requirements of the test were met and that the trial court did not err in receiving the green robe tie into evidence.

Defendant requested an instruction on sodomy as a lesser included offense of aggravated sodomy. The victims testified that they were threatened throughout by the defendant, who was armed with a large butcher knife; the defense was alibi. The defendant was either guilty of aggravated sodomy or he was not

guilty. There was no evidence to support an instruction on or a conviction of sodomy.

Defendant now contends that the trial court's instruction on intent was error. No objection was lodged to that instruction at trial and since the instruction was not clearly erroneous, defendant may not now claim error. See K.S.A. 22-3414(3), and *State v. Moore*, 230 Kan. 495, 498, 639 P.2d 458 (1982).

Finally, defendant complains of the trial court's instruction defining sexual intercourse. The instruction as given referred to the "female organ" rather than the "female sex organ." This was error. See K.S.A. 21-3501(1). Jury instructions, however, are to be considered together and read as a whole, without isolating any one instruction. See *State v. Childers*, 222 Kan. 32, 38, 563 P.2d 999 (1977), and *State v. Griffin*, 221 Kan. 83, 558 P.2d 90 (1976). If the instructions properly and fairly state the law as applied to the facts in the case and if the jury could not reasonably be misled by them, then the instructions, though in some small way erroneous, do not constitute reversible error. In this case the jury was fully instructed on all facets of the crimes charged, including an instruction about oral sodomy, which was one of the offenses charged. There was much explicit evidence that the defendant had repeated sexual intercourse with both victims. Viewing the record and the jury instructions as a whole, we find that the instructions fairly and fully state the law as applicable to the case, and we see nothing in the record to indicate that the instructions confused or misled the jury. We therefore find no prejudicial error.

The judgment is affirmed.