No. 55,999

STATE OF KANSAS, *Appellee*, v. GARY W. BROWN, *Appellant.*

(681 P.2d 1071)

Opinion filed June 8, 1984.

*Michael Barbara,* of Sawhill, Underhill & Barbara, of Haysville, argued the cause and was on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause and *Kimberly Gee Vines,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Gary W. Brown was convicted of the first-degree murder (K.S.A. 21-3401) of John Brown and the aggravated battery (K.S.A. 21-3414) of Peggy Ensley. Peggy and defendant had previously lived together in a relationship with some of the indicia of a common law marriage. John Brown was the husband of Peggy's sister. On December 10, 1982, defendant shot the victims while they were sitting in John Brown's van in Viola, Kansas. The defense raised at the jury trial was insanity. Defendant appeals his convictions.

The first issue presented is alleged improper limitation of defense counsel's cross-examination of the State's expert psychiatric witness. The question propounded was:

"Doctor, you would agree with me that it's not fair to send an insane man to jail, is it?"

The State's objection on the grounds of relevancy and materiality was sustained by the trial court on the ground of materiality.

The witness had testified on direct examination as to defendant's mental capacities and psychological composition relative to the time of the shootings. The question propounded by defense counsel was seeking the personal opinion of the witness on one aspect of the judicial system.

The extent of cross-examination for purposes of impeachment lies largely within the sound discretion of the trial court. *State v. Wheeler*, 215 Kan. 94, 99, 523 P.2d 722 (1974); *State v. Osburn*, 171 Kan. 330, 333, 232 P.2d 451 (1951). Absent proof of clear abuse, the exercise of that discretion will not constitute prejudicial error. *State v. Jones*, 233 Kan. 112, 114, 660 P.2d 948 (1983). Discretion is abused when no reasonable person would take the position adopted by the trial court. *State v. Stellwagen*, 232 Kan. 744, Syl. ¶ 3, 659 P.2d 167 (1983).

We conclude no abuse of discretion has been shown in the trial court's limitation of defense counsel's cross-examination of the State's expert witness.

The second issue is whether the trial court erred in denying defendant's pretrial motion to be notified of the time and place of the State's psychiatric examination of defendant and in refusing defense counsel's request to be present at the examination. The State presented a letter from the expert who was to conduct the examination stating the presence of a third party would be improper and could alter the results of the examination. The expert had extensive experience in conducting this type of examination for criminal proceedings.

Defendant does not specifically argue that he had a constitutional right to have his counsel present at the examination. The issue of whether such examination affords defense counsel a constitutional right to be present is considered at Annot., Right of Accused in Criminal Prosecution to Presence of Counsel at Court-Appointed or -Approved Psychiatric Examination, 3 A.L.R. 4th 910. The majority rule is that such an examination is not a "critical stage" of the proceeding vesting defendant with a constitutional right to have his counsel present. As noted in the annotation, a number of jurisdictions have held that an accused is not entitled to have counsel present on the ground that counsel's

presence would limit the effectiveness of the examination. We concur with both of these rationales.

Defendant asserts his counsel should be allowed to be present at the examination for the reason his presence was necessary for full disclosure. He relies heavily on *State v. Pyle,* 216 Kan. 423, 532 P.2d 1309 (1975), in support of this contention, but such reliance is misplaced. *Pyle* involved a situation where the defendant had been through a competency to stand trial evaluation and later asserted an insanity defense. Defendant then sought to use the experts involved in the competency proceeding as experts for his insanity defense. However, he desired to use the shield forbidding disclosure of statements made by defendant in the competency proceedings (K.S.A. 22-3302[3]) in limiting cross-examination of the experts when called by him as experts in support of his insanity defense at trial. As noted by this court:

"We do not believe, however, that the statute [K.S.A. 22-3302] was intended to extend the privilege beyond the extent necessary to effectuate its purpose. It is designed as a shield, not a sword. If the defendant proposes to alter the roles of the examining doctors from competency examiners to insanity defense experts, he must comply with the disclosure provisions of the insanity defense statute. If they take the stand, they, like any other experts, are subject to cross-examination as to the basis for their opinions. If the opinions are based on statements made by the defendant, those statements must be revealed, and to that extent the statutory privilege is waived." 216 Kan. at 443.

By some recondite reasoning, defendant contends the *Pyle* decision mandates that his counsel be present at the psychiatric examination of the defendant by the State's expert witness relative to defendant's insanity defense. We conclude a defendant asserting an insanity defense in a criminal proceeding has no right to require his counsel be given prior notice of the time and place of the State's psychiatric examination of the defendant or to have his counsel present at the examination. Accordingly, the trial court did not err in the complained-of rulings relative thereto.

The third issue presented is whether the trial court erred in denying defendant's motion to suppress certain extrajudicial statements made by him. Defendant contends that, by virtue of his psychological imbalances, he lacked the capacity to make voluntary statements during the police interrogation.

The trial court, in denying the motion, found:

"By a preponderance of the evidence, I'll have to find that on the tenth day of

December of last year, following a fairly short interview session for a period of time that was conducted in a very reasonable manner with the defendant having normal ability to communicate, considering Mr. Brown's age which is forty-three, considering him to either be — to either have an eleventh grade or twelfth grade education depending on whether the interview sheet or the information he gave to Detective Willey or the information that he gave to Dr. Schalon is correct, considering the fairness of the interview and the officers' conduct toward the defendant, the lack of any promises either direct or casual, I find the statement to have been freely and independently made, a product of the defendant's free and independent will, and will overrule the motion to suppress."

When a trial court conducts a full pretrial hearing on the admissibility of an extrajudicial statement by an accused, determines the statement was freely, voluntarily and knowingly given and admits the statement into evidence at the trial, the appellate court should accept that determination if it is supported by substantial competent evidence. *State v. Knapp*, 234 Kan. 170, 671 P.2d 520 (1983); *State v. Kanive*, 221 Kan. 34, 558 P.2d 1075 (1976).

The trial court's findings relative to the voluntariness of defendant's extrajudicial statements are supported by substantial competent evidence and will not, accordingly, be disturbed on appeal.

The final issue raised is alleged abuse of discretion by the trial court in permitting the jury to begin its deliberations at 5:01 p.m. on Good Friday of Easter weekend. This issue was first raised in defendant's motion for a new trial. The record indicates the jury was asked whether it wished to begin deliberations immediately or recess for the weekend. The jury responded it would like to deliberate for a while and brought in a verdict shortly after 7:00 p.m.

We conclude this issue is without merit.

The judgment is affirmed.