(720 P.2d 671)

No. 58,314

STATE OF KANSAS, *Appellee*, v. JOHN PARSONS, *Appellant*.

Opinion filed May 1, 1986.

*Edward F. Britton, Jr.*, assistant public defender, for appellant.

*Neal B. Brady*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, P.J., BRAZIL and DAVIS, JJ.

DAVIS, J.: The defendant, John Lee Parsons, appeals his jury conviction of felony theft, K.S.A. 21-3701. He contends that the trial court erred in failing to instruct the jury on misdemeanor theft and in denying his motion for judgment of acquittal.

The trial judge was required to instruct the jury on the lesser included offense of misdemeanor theft only if there was evidence presented at trial which would reasonably support a

conviction for misdemeanor theft. K.S.A. 1985 Supp. 21-3107(3); *State v. Long,* 234 Kan. 580, Syl. ¶ 3, 675 P.2d 832 (1984).

Trial evidence establishes that the defendant unlawfully took over $100 which belonged to his employer, Ardan's, Inc. Contrary to defendant's contention, the sales tax did not belong exclusively to the State of Kansas thereby making the value of the property pilfered from the defendant's employer $99.97. In our criminal code, "owner" is defined as "a person who has *any* interest in property." (Emphasis added.) K.S.A. 21-3110(13). Clearly, Ardan's had an interest in the sales tax. Pursuant to K.S.A. 79-3603, Ardan's was required to pay 3% of its gross receipts to the State of Kansas for the privilege of engaging in retail sales. Further, K.S.A. 79-3604 provides:

> "The tax levied hereunder shall be paid by the consumer or user to the retailer and it shall be the duty of each and every retailer in this state to collect from the consumer or user, the full amount of the tax imposed by this act . . . and such tax shall be a debt from the consumer or user to the retailer, when so added to the original purchase price, and shall be recoverable at law in the same manner as other debts . . . ."

The trial judge did not err in refusing to instruct on misdemeanor theft.

This court's scope of review of defendant's claim that the trial court erred in denying his motion for judgment of acquittal is well established.

> "A trial judge, in passing on a motion for judgment of acquittal, must determine whether upon the evidence—giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact therefrom—a reasonable mind or a rational trier of facts might fairly conclude guilt beyond a reasonable doubt. [Citations omitted.] On appellate review, the question presented is whether all of the evidence adduced at the trial, when viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the accused guilty beyond a reasonable doubt. [Citations omitted.] Appellate courts look only to the evidence in favor of the verdict; they do not weigh the evidence; and if the essential elements are sustained by any competent evidence, the conviction stands. [Citation omitted.]" *State v. Fosnight,* 235 Kan. 52, 53, 679 P.2d 174 (1984).

The evidence of record under the above standard requires affirmance of this conviction. The consumer testified that she went to Ardan's to purchase a weight set and that a middle-aged white male waited on her. The man took her money, $103.00, and put it in his pocket without running the transaction through the cash register. In lieu of a cash register receipt, the man gave

her a handwritten sales receipt. The handwriting on the sales receipt matched the known handwriting of the defendant. While she was unable to specifically identify the defendant, the defendant, a middle-aged white male, was employed on the day in question by Ardan's. When the transaction came to the attention of Ardan's manager, an investigation was conducted. Defendant admitted selling the set of weights and pocketing the $103.00, but his further explanation at trial, in light of all other evidence, was at best tenuous. The $103.00 was not accounted for.

Affirmed.