(732 P.2d 814)

No. 58,940

STATE OF KANSAS, *Appellee*, v. VIRGIL K. ALEXANDER, *Appellant*.

Opinion filed February 26, 1987.

*James F. Vano*, of Overland Park, for appellant.

*Stephen R. Tatum*, assistant district attorney, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before MEYER, P.J., REES and DAVIS, JJ.

DAVIS, J.: The defendant, Virgil K. Alexander, appeals a jury conviction for felony theft. K.S.A. 1986 Supp. 21-3701. The trial court sentenced defendant to one to five years' imprisonment. Defendant raises five issues on appeal, the most significant of which is whether the trial court erred by allowing the jury to consider sales tax as part of the value of the property he was charged with stealing.

On December 19, 1984, at approximately 7:00 p.m., Donald Brooks, a Prairie Village, Kansas, police officer, joined two other Prairie Village officers at a shopping center at 71st and Mission Road. The three officers had received information that a "window smash or a smash and grab" might be attempted at Malliard's clothing store. They "set up surveillance" in three locations on the west side of the Jones Store parking lot.

Shortly thereafter, the officers observed a brown 1977 Olds-

mobile with Missouri tags proceed through the parking lot and past the west entrance to the Jones Store. The driver of the Oldsmobile made a U-turn and parked in front of the west door of the Jones Store, in the lane of travel and behind a row of cars.

The Oldsmobile contained two black males. One of the men, identified by Officer Brooks as defendant, got out of the passenger side of the car and went inside the west door of the Jones Store. He was wearing a dark knee- or three-quarter-length overcoat and was not carrying anything. The brown Oldsmobile remained parked with the engine running. The driver remained seated in the car and kept looking from side to side and forward.

Five to seven minutes later, defendant came out of the Jones Store. He no longer wore the dark coat, but carried it in his arms. According to Officer Brooks, "the coat appeared to have something inside [it] as it formed a bundle in his arms." Officer Brooks could not see what was inside the coat or what defendant did with the coat when he got back into the car.

The officers followed the brown Oldsmobile for about four blocks and stopped it. They had run a computer check on the license and found that the car was owned by an individual (not defendant) with a criminal record. They did not stop defendant outside the Jones Store because of possible danger to shoppers.

Officer Brooks approached the car from the passenger side, where defendant sat. Defendant identified himself. Officer Brooks shined his flashlight into the car and saw an open bottle of Wild Irish Rose wine lying on the front seat next to defendant. In the back seat, he observed five Christian Dior sweaters. The dark overcoat partially covered the sweaters, but on one of them the price and brand tags were visible. Officer Brooks did not see a sales receipt.

The officers removed defendant and the driver, identified as Vernon Johnson, from the car and placed them under arrest for violation of the open container law. Officer Brooks informed the two suspects of their *Miranda* rights. Defendant indicated that he wished to talk. Officer Brooks took defendant to his patrol car and, once inside, again read him *Miranda* warnings. After defendant stated that he understood the warnings, Officer Brooks asked him about the sweaters. Brooks testified:

"I asked Mr. Alexander where the sweaters had come from. He stated, We took them from the store. I then asked what store. He replied the Jones Store. Mr. Alexander then stated he didn't pay for them. Mr. Alexander stated then he had children and needed money for gifts, so he took merchandise from the store while his partner waited for him outside. I asked if the driver of the vehicle knew what he had done in the store. Mr. Alexander stated, Yes, we knew what we were doing before we got there."

Officer Brooks placed defendant under arrest for theft. At the police station, defendant refused to sign a form waiving his *Miranda* rights or to make a written statement.

Mike Gardner, a security officer with the Jones Store, arrived at the location of the arrest and identified the sweaters as Jones Store merchandise. He, however, could not identify from which Jones Store the sweaters had come. Later in the evening, at approximately 9:00 p.m., Officer Brooks returned to the Prairie Village Jones Store to locate the sweater display. He testified that the sweaters were displayed near the west entrance of the store and that the display was in disarray. Gardner testified that the disarray was not unusual during the Christmas season.

Trish Wesley, who was manager of the men's department at the Prairie Village Jones Store on December 19, 1984, testified that the five sweaters were Jones Store merchandise, that the Prairie Village store had sold only one Christian Dior sweater on December 19, and that defendant did not have permission to remove any sweaters. She, however, could not identify from which Jones Store the sweaters had come, nor did she know if the Prairie Village Jones Store had lost five sweaters on the day in question. She testified that the sweaters cost $149.95 without tax and $156.74 with tax.

Defendant did not testify or present any evidence.

Defendant raises five issues on appeal: 1) Whether the trial court erred by allowing the jury to consider sales tax as part of the value of the stolen property; 2) whether the trial court lacked jurisdiction to hear the case; 3) whether the corpus delicti of felony theft was sufficiently established; 4) whether the trial court erred by refusing to suppress his statements to Officer Brooks; and 5) whether the trial court erred by failing to suppress all evidence obtained from the stop.

Defendant contends that the trial court erred by allowing the

jury to consider sales tax as part of the value of the sweaters. The evidence indicated that the five sweaters would have sold for $149.95 on December 19, 1984, but with tax added would have cost $156.74. At the close of the evidence, defendant moved for a directed verdict on the charge of felony theft, arguing that the State should not be permitted to boost the value of unsold retail merchandise over the $150 felony threshold by tacking on sales tax.

The court denied defendant's motion for a directed verdict, ruling that sales tax was an element of the value of retail merchandise and that the dispute over the value of the sweaters presented a question of fact for the jury. The court instructed the jury on both felony and misdemeanor theft.

The jury convicted defendant of felony theft. On motion for a new trial, defendant renewed his objection to the inclusion of sales tax in the value of the sweaters. The court adhered to its previous ruling and denied the motion.

In the motion for a new trial, the State asserted that the trial court properly submitted the issue of value to the jury because the sweaters bore price tags of $39 each or $195 total. Trish Wesley, the only representative of the Jones Store to testify about the value of the sweaters, however, stated that on December 19, 1984, the sweaters cost $149.95 without tax. The jury would have acted contrary to the evidence had it concluded that on the day of the theft the sweaters had a fair market value greater than $149.95.

We conclude on the facts of this case that the dispute over inclusion of sales tax in the value of the sweaters presented a question of law for the court.

The sweaters were taken from Jones Store merchandise offered for sale. Upon the retail sale of merchandise, Kansas law obligates a merchant to collect and forward a sales tax to the state. K.S.A. 79-3603, -3604. In no sense may a theft be characterized as a sale. See K.S.A. 79-3602(c). Because the sweaters had not been sold, the Jones Store did not owe, and the state was not entitled to collect, a sales tax on them. The loss from the theft of the sweaters was at most $149.95.

*State v. Parsons*, 11 Kan. App. 2d 220, 720 P.2d 671 (1986), on which the State relies, is clearly distinguishable from the present

case. In *Parsons*, the defendant, a store clerk, stole the proceeds from a sale, *including the sales tax paid by the customer*. On appeal from a conviction for felony theft, he argued that the sales tax belonged to the State, not to the store, and, thus, that the store was not the "owner" of the tax, as required by K.S.A. 1986 Supp. 21-3701. We held that the store from which the theft occurred had an interest in the sales tax because it was required to collect and pay it to the State. 11 Kan. App. 2d, Syl. ¶ 2. In this case, the sweaters had not been sold. Because no sales tax had been imposed, none was stolen.

We hold that the trial court erred by allowing the jury to consider sales tax in its determination of the value of the sweaters. See *Tunnell v. State*, 99 N.M. 446, 659 P.2d 898 (1983); *People v. Barbuto*, 106 Misc. 2d 542, 434 N.Y.S.2d 120 (Sup. Ct. 1980).

Second, defendant contends that the trial court lacked venue because the State failed to prove that the sweaters were stolen from the Prairie Village Jones Store. Venue is a question of fact to be determined by the jury and may be established by proof of facts and circumstances from which the place of commission of the crime may be fairly and reasonably inferred. *State v. Pencek*, 224 Kan. 725, 729, 585 P.2d 1052 (1978); *State v. Pyle*, 216 Kan. 423, 433, 532 P.2d 1309 (1975). Substantial competent evidence supported the jury's determination that the theft occurred from the Prairie Village Jones Store.

Third, defendant argues that the State did not establish the "corpus delicti" of the theft because it did not prove that the Jones Store suffered the loss of five Christian Dior sweaters. See *State v. Aten*, 203 Kan. 920, 926, 457 P.2d 89 (1969) ("The corpus delicti in larceny is constituted of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking."); Wilson, *Thou Shalt Not Steal: Ruminations on the New Kansas Theft Law*, 20 Kan. L. Rev. 385, 399 (1972) ("To establish the *corpus delicti* of theft, under the new law as under the old, it is necessary to prove (1) that property or an interest in property was lost by the owner, and (2) that it was lost as the result of the unlawful act of another who obtained or exerted control over such property.").

Defendant's contention that the State failed to establish the

corpus delicti of the crime is really an attack on the sufficiency of evidence. Defendant would have us ignore both his admission to Officer Brooks that he took the sweaters from the Jones Store and Officer Brooks' testimony that he saw defendant leave the Jones Store with a coat-covered bundle under his arm, stopped him some four blocks away, and found the five sweaters partially covered by the coat in the back seat of the car. We conclude that the State presented sufficient evidence to enable the jury to find defendant guilty beyond a reasonable doubt of theft. *State v. Pink*, 236 Kan. 715, 729, 696 P.2d 358 (1985).

Fourth, defendant contends that because he refused to sign a waiver of his *Miranda* rights, his statements to Officer Brooks were inadmissible. The trial court considered the admissibility of defendant's statements in a hearing on his motion to suppress. The court found that the officer twice advised defendant of his *Miranda* rights and that defendant freely and voluntarily agreed to talk. "When a trial court conducts a full pretrial hearing on the admissibility of an extrajudicial statement by an accused, determines the statement was freely, voluntarily and knowingly given, and admits the statement into evidence at the trial, the appellate court should accept that determination if it is supported by substantial competent evidence." *State v. Zuniga*, 237 Kan. 788, 792, 703 P.2d 805 (1985) (quoting *State v. Brown*, 235 Kan. 688, Syl. ¶ 3, 681 P.2d 1071 [1984]). We find that substantial competent evidence supported the trial court's determination that defendant's statements were freely, voluntarily, and knowingly made. Contrary to defendant's assertion, a waiver of *Miranda* rights need not be in writing. *State v. Carpenter*, 211 Kan. 234, 237, 505 P.2d 753 (1973). The circumstantial evidence adequately corroborated the officer's testimony about defendant's confession. *State v. Brown*, 236 Kan. 800, 804, 696 P.2d 954 (1985).

Finally, defendant contends that the trial court erred by failing to suppress all evidence obtained from the stop. He, however, did not raise this issue before the trial court, and we will not consider it on appeal. *State v. Fisher*, 233 Kan. 29, 31-32, 661 P.2d 791 (1983).

Reversed and remanded with directions to enter a conviction for misdemeanor theft and to sentence defendant accordingly. See *State v. Piland*, 217 Kan. 689, 693, 538 P.2d 666 (1975).