(766 P.2d 832)

No. 61,380

STATE OF KANSAS, *Appellee,* v. DAN CRICHTON, *Appellant.*

Opinion filed December 29, 1988.

*Charles D. Dedmon,* assistant appellate defender, and *Benjamin C. Wood,* chief appellate defender, for appellant.

*John Shirley*, deputy county attorney, *Edward J. Gaschler*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., PAGE W. BENSON, District Judge Retired, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BRAZIL, J.: Dan Crichton appeals from the district court's decision to enhance his sentence under the Habitual Criminal Act (K.S.A. 1987 Supp. 21-4504) and from the court's decision to overrule Crichton's motion for judgment of acquittal. Crichton also contends the district court lacked jurisdiction to convict him of felony theft (K.S.A. 1987 Supp. 21-3701) because the information was allegedly defective. We affirm.

1. The Information.

Crichton contends that the information was fatally defective because it failed to allege that the value of the property taken was in excess of one hundred fifty dollars. The information stated in part:

"Dan Crichton did then and there UNLAWFULLY, FELONIOUSLY willfully, obtain or exert unauthorized control over property, to-wit: 8434 gallons of regular gasoline, with the intention to permanently deprive the owner, to-wit: Chase Terminal, El Dorado, Kansas, of the use, benefit or possession thereof, in violation of K.S.A. 21-3701, a Class E Felony."

The information is the jurisdictional instrument on which the defendant stands trial. *State v. Barncord*, 240 Kan. 35, 38, 726 P.2d 1322 (1986); *State v. Slansky*, 239 Kan. 450, 452, 720 P.2d 1054 (1986). The information must allege each essential element of the offense charged. *State v. Bishop*, 240 Kan. 647, 652, 732 P.2d 765 (1987). A conviction based on an information which does not sufficiently charge the offense is void. *State v. Slansky*, 239 Kan. at 452; *State v. Bird*, 238 Kan. 160, 166, 708 P.2d 946 (1985). An information which omits an essential element of the crime it charges is jurisdictionally and fatally defective, and a conviction of that offense must be reversed. *State v. Wilson*, 240 Kan. 606, 607, 731 P.2d 306 (1987). Such defense can be raised at any time, even on appeal. *State v. Jackson*, 239 Kan. 463, 465, 721 P.2d 232 (1986); *State v. Bird*, 238 Kan. at 166. Whether an information is sufficient depends on whether it contains the elements of the offense intended to be charged, whether it sufficiently informs the defendant of what he must be prepared to meet, and whether it is sufficiently specific to make a plea of

double jeopardy possible. *State v. Jones*, 242 Kan. 385, 393, 748 P.2d 839 (1988). "[A]n information should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *State v. Micheaux*, 242 Kan. 192, 199, 747 P.2d 784 (1987). If an information reasonably charges a crime, the information will be held sufficient. See *State v. Bishop*, 240 Kan. at 647.

K.S.A. 1987 Supp. 21-3701 provides in part:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:

"(a) Obtaining or exerting unauthorized control over property; . . .

. . . .

"Theft of property of the value of $150 or more is a class E felony. Theft of property of the value of less than $150 is a class A misdemeanor, except that theft of property of the value of less than $150 is a class E felony if committed by a person who has, within five years immediately preceding commission of the crime, been convicted of theft two or more times."

The value of the property stolen in the present case was not specifically included in the information charging the felony theft. Crichton contends the omission renders the information fatally defective because it amounts to an omission of an essential element of felony theft, *i.e.*, value.

Kansas courts have implied that value is an essential element of theft. *State v. Nesmith*, 220 Kan. 146, 152, 551 P.2d 896 (1976) (Failure to instruct on "the *element of value*" in a theft case was not error under the circumstances. [Emphasis added.]); *State v. Piland*, 217 Kan. 689, 693, 538 P.2d 666 (1975) (In theft case, "the jury should have been instructed as to the element of value."); *State v. Hanks*, 10 Kan. App. 2d 666, 669, 708 P.2d 991 (1985), *rev. denied* 238 Kan. 878 (1986) ("In a theft prosecution, the value of the property taken is an element of the crime which the jury must determine."). Furthermore, under PIK Crim. 2d 59.01, to establish the defendant is guilty of theft, it must be shown the property was either one hundred fifty dollars or more or less than one hundred fifty dollars.

Although the information in the present case did not expressly state whether the value of the stolen gas was $150 or more, the information reasonably charged this element because it stated Crichton was charged with theft of 8,434 gallons of regular gasoline, a class E felony. By statute, to constitute a class E felony, the property stolen had to be worth $150 or more since

the information did not indicate Crichton had been convicted of theft two or more times in the last five years. K.S.A. 1987 Supp. 21-3701. Common sense would indicate that regular gasoline is worth more than $.018 per gallon. Not only did the information reasonably charge the element of value, it also sufficiently apprised Crichton of what he had to be prepared to defend and was specific enough to make a plea of double jeopardy possible. *State v. Jones*, 242 Kan. 385, 392-95.

The information is not fatally defective, and the court had jurisdiction to convict Crichton of felony theft.

2. Enhancement of Sentence.

Crichton contends the evidence admitted for enhancement of sentence purposes showed only that he had previously been convicted of breaking and entering with the intent to commit a misdemeanor and failed to show he had a prior *felony* conviction. Consequently, Crichton argues the conviction is not sufficient to support an enhancement of sentence under K.S.A. 1987 Supp. 21-4504.

The Kansas Habitual Criminal Act, K.S.A. 1987 Supp. 21-4504, may be imposed once the trial court finds from competent evidence that the defendant has previously been convicted of a felony in or out of state. *State v. Crispin*, 234 Kan. 104, 111, 671 P.2d 502 (1983).

A prior foreign conviction need not, however, be a felony under the laws of Kansas so long as it was a felony under the laws of the foreign jurisdiction. *State v. Crispin*, 234 Kan. at 111. Furthermore, it is the conviction of a prior felony which triggers the imposition of the Habitual Criminal Act, not the punishment imposed at the time of the prior conviction. *State v. Robertson*, 225 Kan. 572, 575, 592 P.2d 460 (1979). Certified and authenticated copies of court orders reflecting the prior felony conviction constitute competent evidence of the former conviction. *State v. Crispin*, 234 Kan. at 112. Documentary evidence is not necessary, however, where the defendant testified and admitted the felony conviction. *State v. Hicks*, 11 Kan. App. 2d 76, 86, 714 P.2d 105 (1986).

In the present case, the evidence of the Florida conviction consisted of three documents: a judgment form indicating Crichton was convicted of breaking and entering with the intent to commit a misdemeanor and was sentenced to three years; a

Florida information charging Crichton with possession of a short-barrelled rifle and breaking and entering with the intent to commit a misdemeanor; and the Florida clerk's and judge's authentication of the documents.

Crichton objected, contending the documents did not indicate there was a conviction for a felony, as opposed to a misdemeanor. The State pointed out that the Florida judgment form indicated Crichton had been convicted of burglary requiring a confinement in the Florida State Prison of three years. The State also noted that the information described the crime in felonious terms and that Crichton was thereafter convicted of the crime charged.

The trial court decided the documents constituted competent evidence of a previous felony conviction which could serve as the basis for an enhancement of the sentence under K.S.A. 1987 Supp. 21-4504. Specifically, the court reasoned:

"THE COURT: Well, I think in light of the sentence imposed however, it is safe to conclude that the defendant in this instance was convicted of a felony. The Court is satisfied that [the sentence imposed] together with the language spoken in the information . . . describes the crime as being a felony. The statute in this state, K.S.A. 21-4504 says that the Court must be satisfied by competent evidence. The Court is satisfied based upon the presentation presented by the State that the defendant has at least one prior felony conviction. This would mean that the defendant based upon the Jury's return of the verdict on February 13th has a second conviction for a felony."

The court then sentenced Crichton to a term of two to eight years. The sentence represented an enhancement of the sentence under the Habitual Criminal Act.

The three documents concerning the Florida conviction are not in the record on appeal. "An appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, we presume that the action of the trial court was proper." *State v. Bright*, 229 Kan. 185, Syl. ¶ 6, 623 P.2d 917 (1981).

3. Abuse of Discretion.

Crichton contends the court abused its discretion in enhancing Crichton's sentence pursuant to the Habitual Criminal Act. Absent a showing of an abuse of discretion, a court will not set aside a sentence which is within the statutory limits. *State v. Maxwell*, 10 Kan. App. 2d 62, 71, 691 P.2d 1316 (1984), *rev. denied* 236 Kan. 876 (1985).

In the present case, the record indicates, on the one hand, that Crichton had not been convicted of a felony since 1970. Crichton argued that he was not a threat to the safety of society, that he had a family, that he was employed, and that, if released, he could make restitution more quickly. On the other hand, the State argued that Crichton had previously been convicted of two felonies, that the presentence investigation report indicated Crichton did not respect the law, and that the State Reception and Diagnostic Center (SRDC) report recommended incarceration.

At the sentencing hearing, the court stated that pursuant to its statutory authority, it was sentencing Crichton to a term of two to eight years and indicated the enhanced sentence was imposed pursuant to K.S.A. 1987 Supp. 21-4504 because of Crichton's prior criminal history. At the subsequent modification hearing, the court indicated that it saw nothing in the SRDC report nor heard anything in counsel's argument which mandated a sentence modification. The court suggested Crichton's increased sentence was due in part to his disrespect for the law as indicated by his past convictions and based upon Crichton's failure to accept with regret what he had done in the past.

The court's sentence was within the statutory limits. K.S.A. 1987 Supp. 21-3701; K.S.A. 21-4606; K.S.A. 1987 Supp. 21-4504. Crichton's prior criminal history justified an enhancement of the sentence. Contrary to his contentions, the fact that the previous convictions were over fifteen years old does not render the court's sentence based on such convictions an abuse of discretion. *State v. Sully*, 219 Kan. 222, 230, 547 P.2d 344 (1976). The court did not abuse its discretion in enhancing Crichton's sentence due to his past felony convictions.

4. Motion for Acquittal.

Crichton contends the motion for judgment of acquittal should have been sustained because there was insufficient evidence that he obtained unauthorized control over the gas and that Chase Terminal suffered a loss of property.

In ruling on a motion for judgment of acquittal, if a trial judge concludes from the evidence that a reasonable mind might fairly decide a defendant is guilty beyond a reasonable doubt, the motion must be denied and the case must go to the jury. *State v. Hicks*, 11 Kan. App. 2d at 80-81. On appeal, the reviewing court

must decide whether a rational factfinder could have found the accused guilty beyond a reasonable doubt. *State v. Hicks*, 11 Kan. App. 2d at 81.

To prove theft, the State must prove among other things that property was lost by the owner and that the defendant obtained or exerted unauthorized control over the property. *State v. Alexander*, 12 Kan. App. 2d 1, 5, 732 P.2d 814, *rev. denied* 241 Kan. 839 (1987); K.S.A. 1987 Supp. 21-3701. A verdict of guilty can be sustained even though all the evidence is circumstantial. *State v. Carter*, 220 Kan. 16, 23-24, 551 P.2d 821 (1976).

Based on the testimony given at trial and the evidence admitted, a reasonable jury could have determined 8,434 gallons of gas were stolen from Chase Terminal between 8 p.m. on July 23 and 6 a.m. on July 24. The jury could also have inferred from the evidence that Crichton took the gas since (a) he made an extra trip to Chase Terminal for no apparent reason and did not want the police to know about it, (b) he was at the terminal during the time the gas was stolen, (c) he had a truck capable of holding 8,434 gallons, and (d) he admitted knowing who might have taken the gas.

There was sufficient evidence for the trial court to conclude that a reasonable mind might fairly decide that Crichton was guilty beyond a reasonable doubt.

Affirmed.