NOT DESIGNATED FOR PUBLICATION

No. 118,625

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ST. JOHN TYLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed November 2, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM: St. John Tyler appeals his 111- to 330-year term of imprisonment, arguing the district court imposed an illegal sentence because K.S.A. 1987 Supp. 21-4504 did not authorize the district court to use Tyler's prior out-of-state convictions to enhance his sentence. Tyler did not receive an illegal sentence. We affirm.

FACTS

From 1985 to 1988, Tyler committed a series of crimes and a jury ultimately convicted him of second-degree murder, aggravated assault of a law enforcement officer,

1

sale of cocaine, possession of cocaine with intent to sell, possession of heroin with the intent to sell, and perjury. Tyler had two prior felony convictions for crimes in other states, so the district court sentenced him under the Kansas Habitual Criminal Act, K.S.A. 1987 Supp. 21-4504. The court imposed an aggregate sentence of 111 to 330 years in prison.

In 2017, Tyler moved to set aside his sentence, alleging the district court imposed an illegal sentence when it used his out-of-state convictions to triple his sentence. The district court summarily denied Tyler's motion based on *State v. Crichton*, 13 Kan. App. 2d 213, 216, 766 P.2d 832 (1988).

*The plain language of K.S.A. 1987 Supp. 21-4504 does not prohibit the district court from using prior out-of-state convictions when sentencing the defendant.*

An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal within the meaning of K.S.A. 2017 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, when a district court summarily denies a motion to correct illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *Gray*, 303 Kan. at 1013-14.

"Criminal statutes and penalties in effect at the time of a criminal offense are controlling." *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004). Interpretation of a sentencing statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most

2

fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813.

We apply the statute in effect at the time of Tyler's offenses, K.S.A. 1987 Supp. 21-4504, the Kansas Habitual Criminal Act, which stated:

> "(b) If a defendant is convicted *of a felony a third or subsequent time*, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:
>
> (1) The court shall fix a minimum sentence of not less than the greatest nor more than three times the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted; and
>
> (2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto, for the crime." (Emphasis added.)

Tyler argues his sentence is illegal because K.S.A. 1987 Supp. 21-4504 did not give the district court authority to use his out-of-state convictions to triple his sentence. However, the plain language of K.S.A. 1987 Supp. 21-4504(b) does not prohibit the district court from considering out-of-state convictions. Instead, it requires the district court to triple a defendant's sentence "[i]f a defendant is convicted of *a felony* a third or subsequent time." (Emphasis added.) K.S.A. 1987 Supp. 21-4504(b). Tyler would have the Kansas Court of Appeals interpret "a felony" as "only felonies committed in Kansas," but this court cannot read into the statute something not readily found in K.S.A. 1987 Supp. 21-4504(b). See *Barlow*, 303 Kan. at 813.

3

The Kansas Supreme Court has already ruled the Kansas Habitual Criminal Act "may be applied once the trial court finds from competent evidence the fact of former convictions for felony committed in or out of this state." *State v. Crispin*, 234 Kan. 104, 111, 671 P.2d 502 (1983). Relying on *Crispin*, another panel of this court reached the same conclusion in *Crichton*, holding a prior foreign felony need not be a felony under Kansas law but must be a felony under the laws of the foreign jurisdiction. 13 Kan. App. 2d at 216. *Crispin* is still the law and the Kansas Court of Appeals must follow the precedent in *Crispin*. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) (noting Kansas Supreme Court decisions bind the Kansas Court of Appeals).

*The 1989 and 1990 amendments to K.S.A. 21-4504 do not apply to Tyler's sentence.*

Tyler also claims the 1989 and 1990 amendments to K.S.A. 21-4504 show the Legislature did not intend the district court to use out-of-state convictions to triple a defendant's sentence before 1989. To determine the Legislature's intent, we must engage in statutory review of the intent of the 1989 and 1990 amendments. See *Barlow*, 303 Kan. at 813. We have unlimited review over issues of statutory interpretation. *Collins*, 303 Kan. at 473-74.

In 1989, the Legislature amended K.S.A. 21-4504, opting to split triple- and double-length sentences by the type of felony conviction. The district court could triple the defendant's sentence only when he or she had three or more felony convictions from crimes listed in article 34, 35, or 36 of chapter 21 of the Kansas Statutes. If the defendant's three or more felony convictions came from crimes outside article 34, 35, or 36 of chapter 21 of the Kansas Statutes, the district court could only double the defendant's sentence. The Legislature made the amendment effective July 1, 1989, but did not make the statute retroactive. K.S.A. 1989 Supp. 21-4504.

In 1990, the Legislature again modified K.S.A. 21-4504. Effective July 1, 1990, the district court could triple the defendant's sentence when the defendant had three or more felony convictions under article 34, 35, or 36 of chapter 21 of Kansas Statutes Annotated or "comparable felony offenses under the laws of another state, the federal government or a foreign government." K.S.A. 1990 Supp. 21-4504. But the district court could only double a defendant's sentence for three or more felony convictions outside article 34, 35, or 36 of chapter 21 of Kansas Statutes Annotated, or "comparable felony offenses" for out-of-state felony convictions. Once again, the Legislature did not make the amended statute retroactive. K.S.A. 1990 Supp. 21-4504.

While it is possible to treat prior out-of-state felony convictions differently under K.S.A. 1989 Supp. 21-4504 and K.S.A. 1990 Supp. 21-4504, we do not need to address this point because neither version of the statute is retroactive. Tyler committed his offenses from 1985 to 1988, well before the effective dates of K.S.A. 1989 Supp. 21-4504 and K.S.A. 1990 Supp. 21-4504. Given the timing of Tyler's 1985 to 1988 Kansas crimes, K.S.A. 1987 Supp. 21-4504(b) applies to Tyler's sentencing because that version of the statute was in effect when he committed his offenses. See *Denney*, 278 Kan. at 646. The district court correctly applied K.S.A. 1987 Supp. 21-4504(b) as the statute allowed the court to triple Tyler's sentence based on his prior out-of-state felony convictions. See *Crispin*, 234 Kan. at 111. Tyler's sentence is not illegal and the district court correctly dismissed his motion.

Affirmed.