(249 P.3d 1214)
No. 102,923

DAVID CROWTHER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 25, 2011.

*Jason B. Billam*, of Billam & Henderson, LLC, of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, *Steve Six*, attorney general, for appellee.

Before STANDRIDGE, P.J., McANANY, J., and KNUDSON, S.J.

KNUDSON, J.: The district court granted summary dismissal of David Crowther's K.S.A. 60-1507 motion. On appeal, Crowther contends his claim of ineffective assistance of trial counsel cannot be determined without an evidentiary hearing. We disagree and affirm the judgment of the district court.

*The Underlying Criminal Proceeding*

Following a jury trial in August 2004, Crowther was convicted of attempted aggravated kidnapping, aggravated arson, aggravated battery, criminal threat, and seven counts of violating a protective order. The facts underlying these convictions are provided in *State v. Crowther*, No. 93,747, unpublished opinion filed August 4, 2006, *rev. denied* 282 Kan. 792 (2006).

On direct appeal, Crowther argued there was insufficient evidence to support his convictions for aggravated battery and criminal threat. He also argued the district court erred in permitting the State to introduce prejudicial and irrelevant evidence. Our court rejected these arguments and affirmed Crowther's convictions. Slip op. at 17.

*Crowther's K.S.A. 60-1507 Motion Was Dismissed without a Hearing*

In August 2007, Crowther filed this K.S.A. 60-1507 motion alleging: (1) there was insufficient evidence to support his conviction of aggravated arson; (2) there was insufficient evidence to support his conviction of aggravated kidnapping; (3) overt acts alleged by the State were based on improper inferences; (4) his convictions of aggravated battery and aggravated attempted kidnapping were multiplicitous; and (5) ineffective assistance of counsel.

The district court denied the motion without granting an evidentiary hearing or appointing counsel. The court found the first three contentions in Crowther's motion were trial errors. The court further found Crowther failed to show any exceptional circumstances excusing his failure to raise those contentions on direct appeal and declined to address the merits of the arguments. Regarding Crowther's multiplicity claim, the district court concluded

that Crowther's precise argument had been previously considered and rejected by a panel for this court. The district court also rejected all of Crowther's claims of ineffective assistance of counsel.

## Crowther's Appeal to This Court

On appeal, Crowther has elected to only pursue his claims of ineffective assistance of trial counsel. Consequently, the other claims in his K.S.A. 60-1507 motion are deemed waived or abandoned. See *State v. Martin*, 285 Kan. 994, 998, 179 P.3d 457, *cert. denied* 129 S. Ct. 192 (2008).

## Standard of Review

A district court is required to conduct a hearing on a K.S.A. 60-1507 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 60-1507(b); see Supreme Court Rule 183(f) (2010 Kan. Ct. R. Annot. 255). It is error to deny a K.S.A. 60-1507 motion without a hearing where the motion alleges facts that do not appear in the original record that if true would entitle the movant to relief and the motion identifies readily available witnesses whose testimony would support such facts or other sources of evidence. *Swenson v. State*, 284 Kan. 931, 939, 169 P.3d 298 (2007). When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief. *Trotter v. State*, 288 Kan. 112, 132, 200 P.3d 1236 (2009).

## Legal Standards Governing Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel presents mixed questions of fact and law. We review the underlying factual findings for substantial competent evidence and the legal conclusions based on those facts de novo. *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009).

To support a claim of ineffective assistance of counsel, a claimant must prove that (1) counsel's performance was deficient and (2) counsel's deficient performance was prejudicial and deprived the claimant of a fair trial in the underlying criminal proceeding. The

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007).

The first prong of the test for ineffective assistance of counsel requires a showing that counsel made errors so serious that his or her performance was less than guaranteed by the Sixth Amendment to the United States Constitution. *State v. Mathis*, 281 Kan. 99, 109, 130 P.3d 14 (2006). This prong requires a showing that counsel's representation fell below an objective standard of reasonableness, considering all the circumstances. Our scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. This court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

The second prong of the test for ineffective assistance of counsel requires a showing that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Bledsoe*, 283 Kan. at 90.

*Crowther's Specific Allegations of Ineffective Assistance*

1. *Failing to file motion to suppress evidence*

Crowther first alleges trial counsel was ineffective for failing to file a motion to suppress evidence seized pursuant to the execution of a search warrant allowing officers to seize and search Crowther's computer hard drive.

On April 14, 2004, the district court in Jackson County, Missouri, issued a warrant for the search of Crowther's apartment located in Kansas City, Missouri. The warrant described the property to be seized and searched as follows:

"'Computer hardware consisting of all such equipment that can collect, analyze, create, display, convert, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data, to include but are not limited to desktop/laptop/handheld computers, PDA's (Personal Data Assistants), cellular/digital telephones, pagers and digital cameras/camcorders and recorders;

"Internal and peripheral storage devices, such as hard drives, floppy disks, zip disks, DVD-R/+R/RW and RAM, CR-R/CD-RW disks, data cartridges, compact flash memory cards, memory sticks, USB drives and other magnetic media and non-volatile memory storage devices;

"Peripheral input/output devices, such as a mouse, keyboard, printers, fax machine, digital camera, stylus, digitizing tablet, scanner, video display monitor, head mounted displays, optical readers and reproducing devices capable of interfacing with computers and related communications devices that can be used to transmit or receive information to or from a computer;

"Commercial software located at the scene related to the investigated offense and is capable of being installed onto or utilized with recovered computer hardware or storage devices."

Upon execution of the warrant, law enforcement recovered from Crowther's computer a program called Realtime Spy that is used to track e-mails and capture screens off another person's computer. Law enforcement also recovered a file showing Crowther ordered a stun gun on March 9, 2004, to be shipped to him by second-day air, nude photographs of the victim, information showing thousands of hits for the website Match.com, and information revealing that Crowther's computer was used to log onto Match.com. Patrick Foster, a detective with the Olathe Police Department, testified at Crowther's trial regarding the files and information recovered from Crowther's computer.

Crowther contends the search warrant failed to describe with sufficient particularity the evidence to be seized from Crowther's computer. In support of this argument, Crowther cites *State v. Rupnick*, 280 Kan. 720, 125 P.3d 541 (2005). In *Rupnick*, our Supreme Court cited *United States v. Walser*, 275 F.3d 981, 986 (10th Cir. 2001), *cert. denied* 535 U.S. 1069 (2002), for the proposition that " 'officers conducting searches (and the magistrates issuing warrants for those searches) cannot simply conduct a sweeping, comprehensive search of a computer's hard drive.' " 280 Kan. at 732. Crowther argues that the warrant authorized a general and random search of computer files. As a consequence, Crowther con-

tends the warrant was fatally defective and counsel was ineffective for failing to file a motion to suppress evidence recovered from the search.

The district court did not address Crowther's ineffectiveness claim in detail. The district court found that the *Rupnick* decision was filed December 16, 2005, and that Crowther's trial was in August 2004. The district court concluded that Crowther's counsel could not be ineffective for failing to foresee changes in the law.

Crowther contends the district court erred because the particularity requirement to support a search warrant is fundamental under the Fourth Amendment to the United States Constitution. He argues that an evidentiary hearing is necessary to determine why trial counsel did not file a motion to suppress evidence unlawfully seized from the exploratory search of his computer.

In *Baker v. State*, 20 Kan. App. 2d 807, 811, 894 P.2d 221, *rev. denied* 257 Kan. 1091 (1995), our court held there is no basis for a claim of ineffective assistance of counsel based on the failure to foresee a change in the law that will not occur until sometime in the future. However, "a lawyer's failure to foresee a change in the law may lead to 60-1507 relief if the failure was not objectively reasonable." *Laymon v. State*, 280 Kan. 430, 439-40, 122 P.3d 326 (2005).

The Fourth Amendment requires that a search warrant describe the things to be seized with sufficient particularity to prevent a general exploratory rummaging in a person's belongings. *United States v. Carey*, 172 F.3d 1268, 1272 (10th Cir. 1999). Tenth Circuit Court of Appeals case law requires that warrants for computer searches must affirmatively limit the search to evidence of specific types of material. *Walser*, 275 F.3d at 986; *United States v. Campos*, 221 F.3d 1143, 1147-48 (10th Cir. 2000). Officers must be clear as to what it is they are seeking on the computer and conduct the search in a way that avoids searching files of types not identified in the warrant. *Walser*, 275 F.3d at 986; *Carey*, 175 F.3d at 1276.

Here, the warrant did not list with particularity the types of files to be seized from Crowther's computer. The warrant listed the property to be seized, including desktop and laptop computers, zip disks, and USB drives, but it did not limit the search of that prop-

erty to certain items relating to Crowther's alleged criminal activity. From the language of the warrant, it is not clear as to what officers were seeking on the computer. The warrant was not limited to any particular files or any particular crime and authorized an unfocused inspection of all Crowther's files. *Cf. Campos*, 221 F.3d at 1147. This unfocused inspection allowed "a general exploratory rummaging" through Crowther's computer hardware and software devices which the warrant requirement was designed to prevent. See *Carey*, 172 F.3d at 1272.

The State also argues that the police officers executing the warrant acted in good faith under the holding in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677, *reh. denied* 468 U.S. 1250 (1984). Consequently, trial counsel's failure to file a motion to suppress would have been to no avail and could not constitute ineffective assistance.

"Under the holding in *United States v. Leon*, [citation omitted], the Fourth Amendment exclusionary rule should not be applied to bar the use of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid, except where: (1) the magistrate issuing the warrant was deliberately misled by false information; (2) the magistrate wholly abandoned his or her detached or neutral role; (3) there was so little indicia of probable cause contained in the affidavit that it was entirely unreasonable for the officers to believe the warrant was valid; or (4) the warrant so lacked specificity that officers could not determine the place to be searched or the items to be seized." *State v. Hoeck*, 284 Kan. 441, Syl. ¶ 1, 163 P.3d 252 (2007).

We believe there is a likelihood *Leon* would not have applied under the acknowledged facts in this appeal because of the warrant's lack of specificity. Here, neither the underlying affidavit in support of the warrant, nor the warrant itself specified the items to be seized from Crowther's computer devices. Consequently, Crowther's assertion that trial counsel was ineffective for failure to file a motion to suppress cannot be summarily swept aside.

However, we conclude Crowther has failed to properly address the prejudice prong of his ineffective assistance of counsel claim as required in *Bledsoe*, 283 Kan. at 90. In his motion, Crowther does allege that the evidence obtained as a result of the warrant was highly damaging and was prejudicial. However, his statements

are mere conclusions without any showing that demonstrates trial counsel's failure to file a motion to suppress was so serious as to deprive Crowther of his constitutional rights and even so, whether the error prejudiced the defense so as to deprive him of a fair trial. This is fatal to Crowther's claim. See *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009).

Further, we conclude that even if the district court had suppressed the evidence obtained pursuant to the search warrant, there is not a reasonable probability that the verdicts would have been different. The State at the scene of the crimes found the stun gun that was used by Crowther. Whether Crowther purchased the stun gun online was not an element of the crime charged and any evidence that he purchased the stun gun online was likely to have no effect on the minds of the jurors in light of the other testimony regarding the stun gun. Additionally, even though officers discovered numerous hits for Match.com on Crowther's computer, the State presented a representative from Match.com who testified that Crowther contacted the victim through a Match.com account on numerous occasions. The evidence found on Crowther's computer was of so little value that the outcome of the trial would not have been different had a motion to suppress been filed and granted.

## 2. *Failure to lodge objections to inadmissible evidence*

Crowther points to three different instances at trial to demonstrate counsel was ineffective for not lodging an objection to testimony introduced by the State. First, Crowther argues that counsel was ineffective for failing to object to a nonresponsive statement by Joshua Putthoff, a witness for the State, that his in-laws heard "unusual noises from across the hall" at the time of the alleged arson. Putthoff lived across the hall from the victim at the time of the arson. Crowther argued that because Putthoff's in-laws never testified at trial and were not shown by the State to be unavailable, Putthoff's testimony was inadmissible hearsay.

Crowther's argument is without merit. First, the testimony was not introduced by the State; it was introduced during cross-examination by Crowther's attorney. Second, hearsay is defined as

evidence of "a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated." K.S.A. 2010 Supp. 60-460. No out of court "statement" was offered through Potthoff's testimony. He did not testify that his in-laws made a statement to him that they heard noises. We conclude trial counsel was not deficient for failing to object to the testimony as inadmissible hearsay.

Crowther next argues in his motion that counsel was ineffective for failing to object to the admission of the fleece jacket found in his hotel room on the basis of lack of foundation. Establishing the chain of custody is part of the foundation for the admission of physical evidence. *State v. Taylor*, 231 Kan. 171, 174, 642 P.2d 989 (1982). There has to be only a reasonable certainty that there have been no material alterations of the object. "The proof to be offered is that the object has not been improperly tampered with or altered. [Citation omitted.]" *State v. Jones*, 233 Kan. 112, 113, 660 P.2d 948 (1983). Deficiencies in the chain of custody ordinarily affect the weight of the evidence, not its admissibility. *Taylor*, 231 Kan. at 174.

The general manager of the hotel testified that he located some of Crowther's personal property in the hotel room where Crowther stayed. In that property the general manager found some clothes. The general manager testified he gave the items of personal property to Detective Tim Sweany of the Olathe Police Department. Sweany testified that he met with the general manager to collect the personal property found in the hotel room. Sweany testified that the general manager indicated that the hotel policy is to keep the property in the office for a reasonable amount of time and then throw the property away if no one claims it. Sweany testified that he recovered the property from the hotel before it was thrown away. In the items of personal property, Sweany located a fleece jacket. Sweany testified that the fleece jacket at trial was the same fleece jacket that he recovered from the hotel manager. There was no break in the chain of custody, nor was there any indication that the fleece jacket had been improperly tampered with or altered in any way. Thus, the State laid a sufficient foundation to admit the fleece jacket into evidence. We conclude trial counsel was not de-

ficient for failing to object to the admission of the jacket into evidence.

Crowther's final argument regarding counsel's failure to object concerns the prosecutor's characterization of his altercation with the victim as an attempted abduction. Crowther claims this characterization assumed facts not in evidence. There were three instances at trial where the incident was referred to as an attempted abduction. First, Detective Sweany testified that he was contacted on March 20, 2004, by two patrol sergeants who informed him that Crowther had been involved in an attempted abduction of the victim. Second, based on Sweany's characterization of the event, the State asked Sweany if he had an opportunity to interview the victim in regard to the attempted abduction. Third, Sweany again in his testimony referred to the incident as an attempted abduction. The reference to the incident as an "attempted abduction" was only used to show how law enforcement responded to the incident. The State only referred to the encounter as an "attempted abduction" once during the entire trial, and it was only after Sweany testified that law enforcement treated the incident as an "attempted abduction" for investigative purposes.

The State does not address trial counsel's failure to object to the above evidence under the first part of the ineffectiveness standard. Instead, the State argues that Crowther failed to meet his burden of demonstrating a reasonable probability that he would not have been convicted absent counsel's failure to object to the above referenced testimony. The State's argument is persuasive. Even assuming that trial counsel's performance was deficient because counsel failed to object to the testimony previously discussed, Crowther has not satisfied his burden to show that he was prejudiced by trial counsel's failure to object. Again, Crowther fails to allege, let alone offer any proof of, any prejudice resulting from counsel's performance. He alleges that the errors resulted in him not receiving a fair trial, but in doing so does not establish that there is a reasonable probability, but for counsel's deficient performance, that the result of the proceeding would have been different. See *Bledsoe*, 283 Kan. at 90. Thus, the district court did not

err in summarily denying Crowther's motion regarding his claims that counsel failed to object to certain testimony.

### 3. *Failure to object to prosecutorial misconduct during closing argument*

Next, Crowther contends that his trial counsel was ineffective in failing to object to prosecutorial misconduct during closing argument. The district court noted this issue could have been raised on direct appeal without contemporaneous objection.

A contemporaneous objection to alleged prosecutorial misconduct is not required to preserve the issue for direct appeal if the prosecutor's statements violated the defendant's right to a fair trial; an appellate court applies the same standard of review regardless of whether the defendant lodged an objection. *State v. Davis*, 275 Kan. 107, 121-22, 61 P.3d 701 (2003). Thus, even if counsel's performance was deficient in failing to object to prosecutorial misconduct at trial, it is clear that Crowther cannot establish the prejudice prong of the test for ineffective assistance of trial counsel on this issue because the standard of appellate review would have remained the same if the prosecutorial misconduct issue had been raised on direct appeal in the absence of an objection. See *Haddock v. State*, 282 Kan. 475, 519-23, 146 P.3d 187 (2006).

### 4. *Failure to argue the evidence was insufficient to support conviction for attempted aggravated kidnapping*

In his K.S.A. 60-1507 motion, Crowther alleges that it is only unnecessary acts of violence that occur after the initial abduction that satisfies the bodily harm element of aggravated kidnapping. Based on this argument, he contends that if the facts establish only an attempted kidnapping, and not a completed kidnapping, there can never be any unnecessary acts of violence occurring after the initial abduction that meet the necessary element of bodily harm. Essentially, Crowther asserts that the bodily harm was inflicted as part of the attempt to kidnap the victim, not after the kidnapping was complete, and cannot be used to satisfy the element of bodily harm. Crowther argues that trial counsel was ineffective for failing to file a motion for judgment of acquittal or argue that an essential element was missing from the State's case.

Aggravated kidnapping is kidnapping, as defined in K.S.A. 21-3420, "when bodily harm is inflicted upon the person kidnapped." K.S.A. 21-3421. To prove attempted aggravated kidnapping, the State was required to prove Crowther committed an overt act toward the perpetration of the kidnapping but failed in the perpetration thereof. See K.S.A. 21-3301(a).

In support of Crowther's argument, he cites *State v. Taylor*, 217 Kan. 706, 538 P.2d 1375 (1975). In *Taylor*, our Supreme Court adopted the California Supreme Court's refinement of the term bodily harm to exclude "trivial" injuries likely to result from the nature of the forcible act of kidnapping. In discussing its adoption of California's refinement, the court explained that in California's view, it was "only unnecessary acts of violence upon the victim, and those occurring after the initial abduction which the legislature was attempting to deter. Therefore, only injuries resulting from such acts would constitute 'bodily harm.' [Citations omitted.]" 217 Kan. at 714.

Crowther misinterprets the court's statement in *Taylor*. He cites *Taylor* for the proposition that only ' "unnecessary acts of violence . . . occurring after the initial abduction" can satisfy the element of bodily harm. However, Crowther ignores the "and" in the court's statement that only "unnecessary acts of violence upon the victim, *and* those occurring after the initial abduction" constitute bodily harm. (Emphasis added.) 217 Kan. at 714.

It is clear from the language in *Taylor* that *unnecessary acts* of violence *upon the victim* that occur during the process of abducting a victim may constitute the bodily harm to support an aggravated kidnapping charge. In this case, Crowther shocked the victim with a stun gun on her arm, neck, and legs. He pulled her out of the vehicle and dragged her across the parking lot towards his car. Crowther then stood the victim up, punched her in the right eye, and then punched her again in the ear as she lay on the ground. As a result, the victim had a large hematoma over her eye and scratch patterns on her legs from being dragged on concrete. These were unnecessary acts of violence upon the victim and outside the required scope of forcible kidnapping, thus elevating the crime to aggravated kidnapping. See *Taylor*, 217 Kan. at 714-15.

Kansas courts have consistently followed the "bodily harm" definition set forth in *Taylor*. *Paida v. Leach*, 260 Kan. 292, 299, 917 P.2d 1342 (1996); *State v. Peltier*, 249 Kan. 415, 419-20, 819 P.2d 628 (1991), *cert. denied* 505 U.S. 1207 (1992); *State v. Sanders*, 225 Kan. 156, 159, 587 P.2d 906 (1978). This was well-established law at the time of Crowther's trial. Additionally, the State presented substantial evidence that Crowther's acts were unnecessary acts of violence. Thus, counsel was not deficient for failing to argue that the State failed to satisfy its burden of establishing the element of bodily harm.

*Conclusion*

Crowther has failed to allege or offer proof of any prejudice as a result of any ineffectiveness by trial counsel. He has not demonstrated that there is a reasonable probability that, but for counsel's deficient performance, the result of the criminal proceeding would have been different. He has failed to meet his burden to allege facts sufficient to warrant a hearing. See *State v. Holmes*, 278 Kan. 603, 628-31, 102 P.3d 406 (2004). We conclude Crowther's K.S.A. 60-1507 motion together with the files and records of the case conclusively show that Crowther was not entitled to relief. Accordingly, the district court did not err by denying Crowther's K.S.A. 60-1507 motion without conducting an evidentiary hearing.

Affirmed.