NOT DESIGNATED FOR PUBLICATION

No. 116,533

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EUGENE K. MALLARD,
*Appellant*,

v.

KARI M. BRUFFETT,
Secretary of the Kansas Department for Aging and Disability Services,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed May 12, 2017. Affirmed.

*Eugene K. Mallard*, appellant pro se.

*Jon S. Simpson*, assistant solicitor general, of office of attorney general, for appellee.

Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.

*Per Curiam*: Eugene K. Mallard appeals the summary dismissal by the district court of his K.S.A. 60-1501 petition which alleged procedural deficiencies and the ineffective assistance of counsel at his five previous annual review proceedings. The district court found, as to the first four annual review proceedings, that Mallard's claims were untimely. As to the last annual review proceeding, the district court determined Mallard had failed to allege shocking or intolerable conduct or continuing mistreatment of a constitutional nature. Moreover, it found Mallard's ineffective assistance of counsel claim had failed to allege any prejudice, necessitating the dismissal of this claim as well.

1

After a review of the record, we find no reversible error on the part of the district court and, therefore, affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Between December 1999 and March 2000, Mallard was convicted of four sexually violent offenses. The first two occurred in Phillips County, Kansas; the second two in Clay County, Kansas. Mallard was placed on postrelease supervision in 2007, but his release was revoked in 2008 for unauthorized contact with minor children and termination from outpatient sex offender treatment. Toward the end of Mallard's imprisonment, on September 19, 2008, the State petitioned for Mallard's civil confinement under K.S.A. 59-29a01 *et seq.*, the Kansas Sexually Violent Predator Act (KSVPA). The Clay County District Court appointed Sam Kepfield to represent Mallard. Mallard waived his right to a jury trial, and, following a bench trial, the district court held that Mallard met the legal criteria beyond a reasonable doubt for commitment and treatment as a sexually violent predator. Accordingly, the Secretary of the Department of Social and Rehabilitation Services placed Mallard in the Sexual Predator Treatment Program (SPTP) at Larned State Hospital in Pawnee County. The commitment order was filed on October 5, 2009.

According to K.S.A. 2014 Supp. 59-29a08(a), "[e]ach person committed under the [KSVPA] shall have a current examination of the person's mental condition made once every year." Mallard's first annual review occurred December 30, 2010, with the conclusion that Mallard remained a sexually violent predator and that his mental abnormality or personality disorder had not so changed for him to be safe and placed in transitional release. On January 25, 2011, Mallard acknowledged receipt of the annual notice by signature. This notice informed him it was his responsibility to initiate any proceedings apart from the annual notice. The report and notice provided to Mallard were filed on February 2, 2011. The next day, an order continuing Mallard's civil commitment

2

was entered in Clay County District Court. However, on February 22, 2011, Mallard requested the court appoint counsel to represent him in his petition for release from treatment. The district court reappointed Kepfield to represent Mallard.

Kepfield filed a request for a review hearing on July 28, 2011, and a hearing was scheduled for September 13, 2011. This hearing was continued to October 11, 2011. Subsequently, on November 7, 2011, Mallard's second yearly review was completed; the review concluded Mallard remained a sexually violent predator. On November 8, 2011, Kepfield filed a motion for independent psychological evaluation. Mallard acknowledged receipt of his second annual notice and report on November 10, 2011. The report and notice were filed with the district court on November 18, 2011.

On March 13, 2012, after a hearing, the Clay County District Court denied Mallard's motion for independent psychological evaluation. Kepfield was instructed to determine if Mallard wished to proceed with any challenge to the 2011 annual review. No action followed.

On July 1, 2012, by Executive Reorganization Order No. 41, the responsibility for the operation of state hospitals—and for Mallard's custody—was transferred to the Secretary of the Kansas Department for Aging and Disability Services (KDADS).

On September 13, 2012, Mallard's third annual review was conducted. This review, like the others before it, concluded that Mallard remained a sexually violent predator. Mallard acknowledged receipt of the notice and report on September 19, 2012. The notice advised Mallard of his responsibility to initiate separate proceedings if he wished to pursue them. The report and notice were filed in the district court on September 21, 2012, with a courtesy copy provided to Kepfield. The district court's order continuing Mallard's civil commitment to the custody of KDADS was filed on September 26, 2012.

On September 9, 2013, Mallard's fourth annual review was conducted; this review concluded that Mallard remained a sexually violent predator and that he was not an appropriate candidate for transitional release. This time, Mallard refused to sign the notice of right to petition for release. The report and notice were ultimately filed in the district court on September 25, 2013, with a courtesy copy provided to Kepfield. The district court filed an order on September 3, 2013, continuing Mallard's commitment to the custody of KDADS.

On September 24, 2014, Mallard's fifth annual review was conducted; this review concluded that Mallard remained a sexually violent predator and that he was not an appropriate candidate for transitional release. Mallard again refused to sign the annual notice of right to petition for release. The report and notice were filed on October 22, 2014, with a courtesy copy provided to Kepfield. Although the record is somewhat unclear on this point, it appears the district court entered a continuing commitment order on December 10, 2015.

On April 24, 2015, Mallard filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 in the Pawnee County District Court. In his petition, Mallard claimed that KDADS had unlawfully confined him since October 5, 2010, and raised three grounds for relief: (1) KDADS had not provided effective assistance of counsel during the annual review proceedings because counsel had not communicated with him; (2) KDADS had failed to provide an annual review within 1 calendar year of Mallard's October 5, 2009, commitment; and (3) K.S.A. 2014 Supp. 59-29a08 violated his due process rights, making the statute unconstitutional. As relief, Mallard requested release from the SPTP.

On September 10, 2015, before his habeas corpus proceedings had been completed in the Pawnee County District Court, Mallard, with the assistance of counsel, filed a petition for transitional release in the Clay County District Court. However, after holding

4

a hearing on November 19, 2015, the district court held that the appointment of an independent examiner was not warranted and that Mallard had failed to demonstrate probable cause that his condition had so changed that it would be safe for him to be placed in transitional release. Accordingly, this petition was denied on December 10, 2015.

On August 23, 2016, after reviewing the pleadings, the Pawnee County District Court summarily dismissed Mallard's K.S.A. 60-1501 petition. In a written order, the district court held that Mallard had only presented a timely claim concerning his 2014 review and dismissed his claims related to his 2010, 2011, 2012, and 2013 annual reviews as untimely. After reviewing the claims related to Mallard's 2014 annual review, the district court found that Mallard had failed to establish shocking or intolerable conduct or a continuing mistreatment of a constitutional nature. As to Mallard's claims of ineffective assistance of counsel, the court concluded he had failed to state a claim because his petition lacked specific supporting facts.

Mallard timely appeals.

DID THE DISTRICT COURT ERR IN
SUMMARILY DISMISSING MALLARD'S K.S.A. 60-1501 PETITION?

On appeal, Mallard argues the district court erred in summarily dismissing his K.S.A. 60-1501 petition. Specifically, he argues (1) the court erred in dismissing some of his claims as untimely and (2) the district court erred in dismissing his claim of ineffective assistance of counsel. Significantly, Mallard does not raise on appeal the other issues he presented in his K.S.A. 60-1501 petition before the district court, particularly his procedural complaints, meaning he has waived them. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) ("We restrict our review to the arguments presented to us.").

To state a claim for relief under K.S.A. 60-1501, a petition must allege

> "shocking and intolerable conduct or continuing mistreatment of a constitutional stature. [Citation omitted.] Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citations omitted.] An appellate court reviews a summary dismissal de novo." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

See K.S.A. 2016 Supp. 60-1503(a).

1. *Mallard's claims regarding his 2010, 2011, 2012, and 2013 annual reviews are untimely.*

K.S.A. 2014 Supp. 60-1501(c), which was in effect at the time Mallard filed his habeas petition, states:

> "Except as provided in K.S.A. 60-1507, and amendments thereto, a patient in the custody of the secretary for aging and disability services pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the patient's timely attempts to exhaust such patient's administrative remedies."

This provision requires Mallard to seek habeas relief within 30 days from the district court's order continuing his confinement with KDADS. Given that the 30-day time period has run concerning the continuing confinement orders issued for 2010, 2011, 2012, and 2013, it would appear the district court was correct to conclude Mallard's petition was untimely.

However, Mallard argues that the language "[e]xcept as provided in K.S.A. 60-1507" in the statute permits him to bring untimely claims so long as he can show the hearing of the claim prevents manifest injustice as stated in K.S.A. 60-1507(f)(2). In response, the State principally argues that the plain language of K.S.A. 60-1507 limits its application to "[a] prisoner in custody under sentence of a court of general jurisdiction," not "a patient in the custody of the secretary for aging and disability services." See K.S.A. 60-1507(a); *cf.* K.S.A. 2014 Supp. 60-1501(c); see also *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 27, 287 P.3d 855 (2012) ("[K.S.A. 60-1501's] plain language provides a remedy to any detained person who is excluded from K.S.A. 60-1507's provisions.").

Assuming without deciding that manifest injustice allows an SPTP patient to file an untimely habeas petition, relief is not available to Mallard because he fails to meet his burden of showing manifest injustice. See K.S.A. 60-1507(f)(2); *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013). In *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), the Kansas Supreme Court provided a set of nonexclusive factors for courts to consider when conducting a totality of the circumstances inquiry under K.S.A. 60-1507(f)(2): (1) persuasive reasons for failing to file a timely motion; (2) substantial legal or factual grounds indicative of a claim "deserving of the district court's consideration" on the merits; and (3) "a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence."

Mallard argues (1) his circumstances are "conscious shocking" because the State has "participated in a proceeding that denied each and every statutorily required part of a proper annual review" and (2) the 30-day time limit as it applies to him is unfair because his facility's law library provides him no assistance and because he received no notice of each annual review proceeding. The State responds that Mallard's arguments are without merit, principally because Mallard never gives an explanation for his delay in seeking relief, and that his other claims of unfairness are unsupported by the record. We agree.

7

First, the record shows that Mallard was given notice of each and every annual review. Second, Mallard's manifest injustice arguments fail to proffer any reason for his delay in seeking relief. Third, Mallard had the chance to contest each and every annual review, plus the opportunity to appeal any adverse result in the district court. Only in some instances did Mallard contest his annual review, but in no instance did he exercise his right to appeal. More importantly, in no instance did he raise the procedural statutory failures alleged in his petition, undermining his claims that the alleged procedural failures are conscious shocking and also suggesting a waiver or res judicata problem. See *Burch v. Lynch*, No. 108,798, 2013 WL 2972822, at *8 (Kan. App. 2013) (unpublished opinion) (SPTP patient should have filed direct appeal of annual review instead of collateral challenge).

Because the totality of the circumstances fails to support Mallard's assertion that manifest injustice would occur if we failed to address the merits of his challenge to his prior annual reviews, the district court did not err in summarily dismissing as untimely Mallard's claims relating to his 2010, 2011, 2012, and 2013 annual reviews.

2.    *Mallard's claim of ineffective assistance of counsel for his 2014 annual review was properly dismissed.*

The district court held that although Mallard's K.S.A. 60-1501 petition was premature as it was filed April 24, 2015, and the final action in Mallard's 2014 annual review in the Clay County District Court was not final until December 10, 2015, Mallard's petition was timely and, therefore, conferred subject matter jurisdiction over the 2014 annual review. Mallard argued in his petition that he should be released from the SPTP because he received ineffective assistance of counsel at his annual reviews. His petition simply asserts:  "Respondent has not provided effective assistance of counsel during the annual review proceedings, as counsel has not spoken with or communicated in any form or fashion with Petitioner."

8

"A claim of ineffective assistance of trial counsel presents mixed questions of law and fact requiring de novo review." *Thompson v. State*, 293 Kan. 704, 715, 270 P.3d 1089 (2011). We review "the underlying factual findings for substantial competent evidence and the legal conclusions based on those facts de novo." *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009). To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy two elements: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the petitioner. *In re Ontiberos*, 295 Kan. at 31.

Judicial scrutiny of counsel's performance in a claim of ineffective assistance is highly deferential and requires consideration of all the evidence before the judge or jury. *Bledsoe v. State*, 283 Kan. 81, 90-91, 150 P.3d 868 (2007). We must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the petitioner must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning "a probability sufficient to undermine confidence in the outcome." See *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Here, Mallard's only assertion in his petition regarding his counsel's ineffective performance is: "Respondent has not provided effective assistance of counsel during the annual review proceedings, as counsel has not spoken with or communicated in any form or fashion with Petitioner." He alleges nothing more. The district court summarily dismissed this claim, holding Mallard failed to establish that he suffered any prejudice as a result of the claimed ineffective assistance of counsel. Although Mallard raises additional complaints regarding his representation in his brief on appeal, K.S.A. 2016 Supp. 60-1503(a) limits the district court to considering "the face of the petition and any exhibits attached thereto" to determine a petitioner's initial entitlement to relief. See *Kelly*, 298 Kan. at 971 (holding issues not raised before trial court cannot be raised on

appeal); see also *State v. Johnson*, 293 Kan. 959, 964, 270 P.3d 1135 (2012) ("[W]e have rebuffed a [party's] effort to advance new reasons to support [its claim] for the first time on appeal."); *Strong v. Bruce*, No. 97,204, 2010 WL 744774, at *15 (Kan. App. 2010) (unpublished opinion) ("Allegations of ineffective assistance of counsel not raised in the district court cannot be considered on appeal.").

Even if we assume Mallard met his burden to show his counsel was deficient under the totality of the circumstances, he completely fails to make the required showing of prejudice. See *Crowther v. State*, 45 Kan. App. 2d 559, 570, 249 P.3d 1214 (affirming summary denial of habeas petition where petitioner "fail[ed] to allege, let alone offer any proof of, any prejudice resulting from counsel's performance"), *rev. denied* 293 Kan. 1105 (2011). Mallard's complete failure to argue he was prejudiced by his counsel's alleged ineffective representation necessitated the district court's summary dismissal of Mallard's petition. The district court did not err.

Affirmed.